UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Criminal Action No. 85-00276-JLT |
| | * | |
| MARIO CABEZAS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

April 2, 2013

TAURO, J.

I.  Introduction

Defendant Mario Cabezas ("Cabezas") brings a Petition for Relief [#3] under the writs of coram nobis and audita querela.  Cabezas seeks to vacate his October 28, 1985 conviction for making a false statement on a passport application.  Cabezas relies on the Supreme Court's 2010 decision in Padilla v. Kentucky, and argues that his attorney's failure to advise him of the potential immigration consequences of a guilty plea violated his Sixth Amendment right to effective assistance of counsel.  Because Padilla does not apply retroactively, Cabezas's petition is DENIED.

II.  Factual Background[1]

Cabezas, a citizen of El Salvador, has resided predominantly in the United States since

---

[1] Cabezas alleges the following facts in his Memorandum in Support of Petition for Relief [#4].

entering the country in the late 1960s.[2]  On July 11, 1985, Cabezas was indicted on one count of making a false statement in an application for a passport in violation of 18 U.S.C. § 1542 (1986).[3] On October 28, 1985, Cabezas pleaded guilty on the advice of trial counsel, who failed to inform Cabezas of the immigration consequences of such a plea.[4]

III.    Discussion

    A.    Petitioner's Claims Under the Writs of Coram Nobis and Audita Querela

Cabezas filed this petition under the writs of coram nobis and audita querela on February 14, 2012.  He seeks to vacate his conviction in order to avoid removal from the United States.

The writ of error coram nobis is a common-law writ "through which a rendering court, subject to certain conditions, may correct its own judgment on the basis of some patent error affecting the validity or regularity of that judgment."[5]  The writ is normally "available only to a criminal defendant who is no longer in custody."[6]  Federal courts have the authority to grant the writ of coram nobis pursuant to the All Writs Act (28 U.S.C. § 1651).[7]

Similarly, the writ of audita querela is "sometimes available to reopen a judgment when an important matter concerning a defendant's case has arisen since the entry of the judgment."[8]

---

[2] Memo. in Supp. of Pet. for Relief 1.

[3] Id. at 2.

[4] Id. at 2-3.

[5] Trenkler v. United States, 536 F.3d 85, 90 n.2 (1st Cir. 2008).

[6] Id. at 98.

[7] United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001).

[8] Trenkler, 536 F.3d at 90 n.2.

Whereas coram nobis "attacks the judgment itself," audita querela is "directed against the enforcement of the judgment."[9]

      B.    <u>Ineffective Assistance of Counsel</u>

To support his claims for relief, Cabezas argues that his trial counsel failed to inform him of the immigration consequences of his guilty plea. Cabezas argues that he would not have pleaded guilty had he known of these potential consequences. He further argues that this failure constitutes ineffective assistance of counsel and warrants relief under the Supreme Court's holding in <u>Padilla v. Kentucky</u>.[10]

To establish ineffective assistance of counsel, a petitioner first must show that counsel was deficient such that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[11] Second, a petitioner must demonstrate that his defense was prejudiced by this deficiency such that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[12] The petitioner bears the burden of demonstrating both deficient performance and prejudice.[13]

---

[9] <u>Id.</u> at n.2.

[10] 130 S. Ct. 1473 (2010).

[11] <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

[12] <u>Id.</u>

[13] <u>Id.</u>

In <u>Padilla</u>, the Supreme Court held that trial counsel's failure to advise a criminal defendant of the immigration consequences of a guilty plea constitutes ineffective assistance of counsel.[14]  Cabezas argues that <u>Padilla</u> applies retroactively to his guilty plea.

After Cabezas filed his petition, the Supreme Court held that <u>Padilla</u> does not apply retroactively to decisions that became final before <u>Padilla</u> was decided.[15]  Because Cabezas's conviction became final nearly twenty-five years before <u>Padilla</u>, he is not entitled to relief under the writs of coram nobis or audita querela.  Accordingly, his <u>Petition for Relief</u> must be denied.

IV.   Conclusion

For the foregoing reasons, Defendant Cabezas's <u>Petition for Relief</u> [#3] is DENIED.

AN ORDER HAS ISSUED.

      /s/ Joseph L. Tauro
United States District Judge

---

[14] 130 S. Ct. at 1483.

[15] <u>Chaidez v. United States</u>, 133 S. Ct. 1103, 1113 (2013) (holding that "defendants whose convictions became final prior to <u>Padilla</u> . . . cannot benefit from its holding").